James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff JOE VIGIL
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE VIGIL, individually and on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> HYATT CORPORATION, a Delaware Corporation; GRAND HYATT S.F., LLC, a Delaware Limited Liability Company, doing business as GRAND HYATT SAN FRANCISCO, and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 4:22-CV-00693-HSG <br><br> **FIRST AMENDED COMPLAINT** <br><br> *Assigned for All Purposes To:* <br> Hon. Haywood S. Gilliam, Jr. <br><br> **FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES FOR:** <br><br> 1) **Failure to Pay Minimum Wages;** <br> 2) **Failure to Pay Overtime Owed;** <br> 3) **Failure to Provide Lawful Meal Periods;** <br> 4) **Failure To Authorize And Permit Rest Periods;** <br> 5) **Failure to Timely Pay Wages Upon Separation;** <br> 6) **Failure to Reimburse Necessary Expenses;** <br> 7) **Violation of the Unfair Competition Law;** <br> 8) **Penalties Under Private Attorneys General Act, Labor Code § 2698 et seq.** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JOE VIGIL ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendants HYATT CORPORATION, a Delaware Corporation; GRAND HYATT S.F., LLC, a Delaware Limited Liability Company, doing business as GRAND HYATT SAN FRANCISCO; and DOES 1-50, inclusive (collectively "Defendants" or "Grand Hyatt") as follows:

## INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382 and Federal Rule of Civil Procedure Rule 23(b)(3) and (b)(1), on behalf of Plaintiff and any and all persons who are or were employed by Hyatt Corporation or Grand Hyatt S.F., LLC, either directly or indirectly, as non-exempt employees at the Grand Hyatt San Francisco hotel in the State of California at any time from four years prior to the filing of this Complaint through resolution or trial of the matter. ("Class Members" or "Non-Exempt Employees".)

2.      Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; reimbursement for necessary expenses; and timely payment of wages.

3.      Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class members, bring this action pursuant to the California Labor Code, the applicable Wage Order, and the Business and Professions Code seeking unpaid wages, unpaid meal and rest period compensation, restitution, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

4.      Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiffs and Class Members all of their wages,

including overtime and premium wages.

5.    Notwithstanding anything to the contrary herein, none of the claims asserted in this action encompass those claims released in the Settlement in the action entitled *Crump v. Hyatt Corporation,* Northern District of California Case No. 4:20-cv-00295-HSG.  The *Crump* settlement releases all claims asserted or that could have been asserted based on the facts and theory that Defendant or any of the Released Parties maintained a timekeeping system that unlawfully rounded time as alleged in the Second Amended Complaint in the Action between December 6, 2015 and the date of preliminary approval of the *Crump* settlement.

6.    This is also a representative action arising under the Private Attorneys General Act, Labor Code section 2698 et seq.  Plaintiff brings this action pursuant to the PAGA on a representative basis on behalf of all non-exempt employees, who are or were employed by Hyatt Corporation or Grand Hyatt S.F., LLC, either directly or indirectly, as non-exempt employees at the Grand Hyatt San Francisco hotel in the State of California from one year prior to the filing of the PAGA notice (as tolled by Emergency Rule 9) to the conclusion of this action.

7.    Plaintiff seeks civil penalties for Defendants' violation of various provisions of the California Labor Code and IWC Wage Order.  Defendants' violations include: (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages due and payable during employment; (6) failure to time pay wages upon separation; (7) failure to reimburse necessary expenses; (8) knowing and intentional failure to comply with itemized wage statement provisions; (9) failure to maintain timekeeping and payroll records; and (10) failure to properly pay sick leave.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over Plaintiff's complaint, as

Defendant has removed this action to the Northern District of California on diversity grounds pursuant to 28 USC 1332, 1441, 1446, and 1453.

9.      Venue is proper in the Northern District of California because the case was removed from the Superior Court of San Francisco.  In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendants are corporations that (i) are subject to personal jurisdiction in this District, and, therefore, reside in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

## PARTIES

10.      Defendant Hyatt Corporation is a Delaware Corporation, doing business in the state of California.  It is based at 150 N. Riverside Place, 14th Floor, Legal Chicago, Illinois 60606.

11.      Defendant Grand Hyatt S.F., LLC is a Delaware Limited Liability Company. doing business in the state of California.  It is based at 150 N. Riverside Place, 14th Floor, Legal Chicago, Illinois 60606.

12.      Collectively, Defendants are collectively referred to as "Grand Hyatt" or "Defendants" herein.

13.      Upon information and belief, Grand Hyatt employs Non-Exempt Employees, like Plaintiff, throughout the State of California and specifically in San Francisco at the Grand Hyatt San Francisco.

14.      Plaintiff Joe Vigil is and during the liability period has been, a resident of California.

15.      Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period.

16.      Plaintiff and the members of the putative class were employed as hourly paid employees employed by Defendants, either directly or indirectly,  at the Grand Hyatt San Francisco hotel in the State of California at any time from four years prior

FIRST AMENDED COMPLAINT

to the filing of the initial Complaint giving rise to this matter.

17.    Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

18.    The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19.    Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

20.    Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their

respective employments.

## **FACTUAL ALLEGATIONS**

21.     During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

22.     Plaintiff and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. They are subject to the protections of the IWC Wage Orders and the Labor Code.

23.     During the relevant time, Plaintiff was employed by Defendants in an hourly, non-exempt position.   He worked as a security officer in Defendants' facilities approximately 5 days per week, 40+ hours per week.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.     All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

26.     Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.  However, Plaintiff and the Class Members were not paid for all hours worked because employees were required to work off the clock such that they were not paid for all hours worked.

27.     By way of example only, during the height of the Covid-19 pandemic (from approximately March 2020 through at least the end of Plaintiff's employment), Plaintiff and the Class Members were required by Defendants to remain on premises during purported meal periods in violation of the law.  *See, Estrada v. Royalty Carpet Mills, Inc.,* 76 Cal. App. 5th 685, 705 (2022) [on-premises meal policy was noncompliant, so it was obligated to provide premium

pay to these employees].

28.     By way of further example, as a matter of Defendants' policy and practice, Plaintiff and other Class Members were required to carry certain work-related devices (such as walkie talkies, company cellular phones, and handheld devices/sensors) with them during working hours, including during meal and rest periods.  Meal and rest periods were frequently interrupted as a result.

29.     Such time during purported meal periods counts as hours worked and must be compensated.

30.     In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

31.     Plaintiff and, upon information and belief, the other Class Members were paid certain non-discretionary sums which Defendants into the regular rate.

32.     By way of example, during the pay period beginning 8/23/2020 and ending 09/05/2020, Plaintiff was paid a sum of $883.52 for "Other Non Ot" wages. Plaintiff is informed and believes that this amount constitutes non-discretionary compensation which should be included in calculating the regular rate but was not. Indeed, Plaintiff was paid overtime ($41.4150) and double-time ($55.2200) during this pay period which was solely calculated based upon his regular base hourly wage of $27.61.

33.     Plaintiff is informed and believes that other Class Members were paid other similar non-discretionary sums which were not factored into the regular rate. Accordingly, Plaintiff and the Class Members were undercompensated.

34.     Plaintiff alleges that this failure to properly calculate the regular rate led to the systematic underpayment of overtime, sick leave, and meal and rest period premiums.  By way of example during the pay period beginning 8/23/2020 and ending 09/05/2020, Plaintiff was paid both a meal and rest period premium, but

these sums were also paid at his regular base hourly rate of $27.61. These sums did not include the additional non-discretionary compensation paid.

35. Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on occasion, over ten hours in a day without being provided a second lawful meal period as required by law.

36. Indeed, during the relevant time, as a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods as required by law.

37. Moreover, as described more extensively above, during the height of the Covid-19 pandemic (from approximately March 2020 through at least the end of Plaintiff's employment), Plaintiff and the Class Members were required by Defendants to remain on premises during purported meal periods in violation of the law. The exercise of control is inconsistent with Defendant's obligations to provide a meal period and relinquish control.

38. By way of further example, as a matter of Defendants' policy and practice, Plaintiff and other Class Members were required to carry certain work-related devices (such as walkie talkies, company cellular phones, and handheld devices/sensors) with them during working hours, including during meal and rest periods. Meal and rest periods were frequently interrupted as a result.

39. Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

40. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate premium wages under Labor Code

§226.7 but were not receiving accurately calculated compensation.

41.     In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

42.     Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.   Such requisite rest periods were not timely authorized and permitted.

43.     Further, as described above, Plaintiff and the Class Members were required to remain on premises during meal and rest periods, and were required to carry certain work-related devices during meal and rest periods.

44.     Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

45.     As to the failure to pay meal and rest period premiums at the proper rate, by way of example during the pay period beginning 8/23/2020 and ending 09/05/2020, Plaintiff was paid both a meal and rest period premium, but these sums were also paid at his regular base hourly rate of $27.61.  These sums did not include the additional non-discretionary compensation paid.

46.     Further, Plaintiff and the Class Members were required to incur necessary expenses in the discharge of their duties, including for cellular phone expenses, but were not reimbursed for such costs.   By way of example, and not limitation, Plaintiff and the Class Members were required to use personal cellular phones for work-related purposes, such as making emergency calls, communicating

with Defendant, and taking pictures of building issues.

47.    Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations.

48.    Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Class Members, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

49.    Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq.*

50.    Plaintiff alleges Defendants have knowingly and intentionally failed to comply with Labor Code section 1174 and the Wage Order, including by implementing the policies and procedures and committing the violations alleged in the complaint, including without limitation failing to keep records of meal periods, failing to records of hours worked and wages paid/owed, and all wages earned at the proper rates.

51.    Further, Plaintiff alleges that Defendant failed to pay sick leave at the proper rate because it failed to take all forms of compensation, including incentives, bonuses, shifts differentials, and other wages into account in calculating the regular rate. This constitutes a violation of the Labor Code.

FIRST AMENDED COMPLAINT

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

53.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

54.     The proposed class is comprised of and defined as: **all persons who are or were employed by Hyatt Corporation or Grand Hyatt S.F., LLC, either directly or indirectly, as non-exempt employees at the Grand Hyatt San Francisco hotel in the State of California at any time from four years prior to the initial filing of this action[1] through resolution or trial of the matter.** (hereinafter collectively referred to as the "Class" or "Class Members"). on behalf of Plaintiff and any and all persons who are or were employed

55.     Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

a.     All Class Members who were not paid at least minimum wage for all hours worked (collectively **"Minimum Wage Subclass"**);

b.     All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek **(collectively "Overtime Subclass"**);

c.     All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the **"First Meal Period Subclass"**);

d.     All Class Members who worked more than ten hours in a workday and were not provided with a timely, uninterrupted lawful second meal period of

[1] As properly tolled by California Rule of Court App I. R.R. Emergency Rule 9

thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

e.      All Class Members who worked more than three and a half hours in a workday and were not authorized and permitted to take a net 10-minute rest period for every four (4) hours or major fraction thereof worked per day and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Rest Period Subclass");**

f.      All Class Members who were required to remain on premises during meal periods (collectively **"On-Premises Meal Period Subclass"**);

g.      All Class Members who performed security or engineering functions (collectively **"Security or Engineering Subclass"**);

h.      All Class Members who were not reimbursed for all necessary expenditures (collectively "**Indemnification Subclass**");

i.      All Class Members who were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

56.      Plaintiff reserves the right to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

57.      As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure and Federal Rule of Civil Procedure Rule 23(b)(3) and 23(b)(1) because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants'

records.

a.    Numerosity:  The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be hundreds of individuals.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

b.    The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' payroll records and time records for each class member.

c.    Commonality:  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members.    These common questions of law and fact include, without limitation:

1.    Whether Defendants accurately paid Class Members for all hours worked;

2.    Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

3.    Whether Defendants were required to pay Class Members for meal periods during which Class Members were required to remain on premises;

4.    Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

FIRST AMENDED COMPLAINT

5.  Whether Defendants accurately paid employees double time for hours worked in excess of 12 hours in one day or for work over 8 hours in a day on the seventh day of work in a workweek;

6.  Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

7.  Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

8.  Whether Defendants failed to authorize and permit a lawful, net 10-minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

9.  Whether Defendants required employees to remain on the premises during meal and rest periods;

10. Whether employees were required to carry communications devices during meal and rest periods and remain available;

11. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

12. Whether Defendants failed to reimburse employees for necessary expenses in accordance with Labor Code section 2802;

13. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

14. Whether Defendants omitted required information from itemized wage statements;

FIRST AMENDED COMPLAINT

15. Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

16. Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

17. Whether Defendants' conduct was willful and/or reckless;

18. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

d. <u>Typicality</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to reimburse expenses, failure to provide accurate wage statements, failure to pay minimum wages, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed

FIRST AMENDED COMPLAINT

in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties. Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices that affected each member of the Class and/or Subclasses similarly. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g. <u>Public Policy Considerations</u>: Employers in the state of California violate employment and labor laws every day. However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of

current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS
### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
**(By Plaintiff and the Class Against Defendants)**

58.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

59.    Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

60.    Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

61.    Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

62.    Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

63.    The applicable wage orders and California Labor Code sections 1197

FIRST AMENDED COMPLAINT

and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

64.    Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

65.    During all relevant periods, the California Labor Code and wage orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

66.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67.    At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock.

68.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time. Such time includes hours worked before and after scheduled shifts and during purported meal periods.

69.    Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 5-2001.

70.    Due to Defendants' violations of the California Labor Code and wage orders, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

**SECOND CAUSE OF ACTION**

## FAILURE TO PAY OVERTIME OWED

### (By Plaintiff and the Class Against All Defendants)

71.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

72.    During all relevant periods, Defendant required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

73.    During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 5-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay. Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

74.    During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay. Upon information and belief, Defendants also failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

75.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

76.    At all times relevant, Plaintiff and Class Members consistently worked

hours for which they were not paid because Plaintiff and the Class Members were required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

77.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

78.    In addition, upon information and belief, Defendants failed to incorporate all forms of non-discretionary compensation, including without limitation bonuses, differentials, incentives, and other non-discretionary sums, into the regular rate for overtime purposes.

79.    As a result, Defendants failed to pay Plaintiff and the Class members earned overtime wages and such employees suffered damages as a result.

80.    Defendants knew or should have known Plaintiffs and the Class Members were undercompensated as a result of these practices.

81.    Due to Defendant's violations of the California Labor Code, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

### THIRD CAUSE OF ACTION

### <u>FAILURE TO PROVIDE LAWFUL MEAL PERIODS</u>

### (By Plaintiff and the Class Against All Defendants)

82.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

83.    Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete

FIRST AMENDED COMPLAINT

the day's work the meal period may be waived by mutual consent of the employer and employee.

84.    For the four (4) years preceding the filing of this lawsuit as properly tolled by Emergency Rule 9, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

85.    As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing practices, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

86.    In addition, as detailed above, Plaintiff and the Class Members were required to carry work-related cellular phones, handheld devices (like sensors), walkie talkies, or other devices during meal and rest periods, and were required to remain available.  Meal and rest periods were frequently interrupted as a consequence.

87.    In addition, during certain periods of time, Plaintiff and the Class Members were required to remain on premises during meal periods.

88.    Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate of pay for each day that a meal period was not lawfully provided.

89.    Defendants' failure to incorporate all forms of compensation, including without limitation bonuses, differentials, and incentives, into the regular rate for purposes of paying meal and rest period premiums constitutes a further violation of the Labor Code and Wage Order.

90.    As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

91.    Pursuant to Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period

violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

92.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS

### (By Plaintiff and the Class Against All Defendants)

93.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

94.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period….  [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

95.    Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

96.    Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

97.    Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and

refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof. Such rest breaks, when provided, were frequently untimely or less than net ten minutes because of the work requirements imposed by Defendants, and frequent calls during rest periods.

98.     In addition, as detailed above, Plaintiff and the Class Members were required to carry work-related cellular phones, handheld devices (like sensors), walkie talkies, or other devices during meal and rest periods, and were required to remain available.    Meal and rest periods were frequently interrupted as a consequence.

99.     In addition, during certain periods of time, Plaintiff and the Class Members were required to remain on premises during meal periods.

100.     Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Class Members premium pay as required by law.

101.     By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

102.   Defendants' failure to incorporate all forms of compensation, including without limitation bonuses, differentials, and incentives, into the regular rate for

purposes of paying meal and rest period premiums constitutes a further violation of the Labor Code and Wage Order.

103.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

**FIFTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION**

**(By Plaintiff and the Waiting Time Subclass Against All Defendants)**

104.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

105.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

106.    Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

107.    Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, sick, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

108.    In addition, irrespective of any derivative violation, Defendants failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

109.    More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they

FIRST AMENDED COMPLAINT

have not received payment pursuant to <u>Labor Code</u> § 203.

110.   Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under <u>Labor Code</u> § 203, together with interest thereon and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## <u>FAILURE TO REIMBURSE NECESSARY EXPENSES</u>
**(By Plaintiff and the Indemnification Subclass Against All Defendants)**

111.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

112.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

113.   Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

114.   Plaintiff and the members of the Indemnification Class were required to incur expenses in the performance of their assigned job duties, including expenses related to cellular phones.

115.   Upon information and belief, the Defendants did not reimburse Plaintiff or the Plaintiff's subclass for such expenses.

116.   As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs' Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE UNFAIR COMPETITION LAW

### By Plaintiff and Class Against All Defendants

117.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

118.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

119.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.*

120.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

121.    The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.   By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders.  Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, and failing to reimburse for necessary expenses, as well as failing to provide accurate itemized wage statement as specified above.

122.    Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

123.   Pursuant to California <u>Business and Professions Code</u> §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California <u>Code of Civil Procedure</u> §1021.5; interest; and an award of costs.

**EIGHTH CAUSE OF ACTION**

**<u>CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698 ET SEQ.</u>**

124.   Plaintiff incorporates by reference each and every paragraph above, and realleges each and every allegation contained above as though fully set forth herein.

125.   On or about November 2, 2021, Plaintiff gave written notice by online submission to the LWDA and by certified mail to Defendants of Defendants' violations of numerous provisions of the California Labor Code and the IWC Wage Orders as alleged in this complaint.  All fees were paid as required by statute. A copy of the letter sent to the LWDA with enclosure is attached hereto as **Exhibit A.**

126.   Plaintiff is an "aggrieved employee" as defined in Labor Code Section 2699(A), as he was employed by Defendants during the statutory period and suffered one or more of the Labor Code violations set forth herein.  He seeks to recover of himself and all other current and former aggrieved employees of Defendants the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.   The "Aggrieved Employees" are a subset of the Class Members.

127.   65 days have passed, and no response has been received from the LWDA.  Accordingly, the LWDA has permitted Plaintiff to proceed in a representative capacity.

128.   Plaintiff has exhausted all administrative procedures required of them under the Labor Code §§2698, 2699, 2699.3, and as a result, is justified as a matter of right in bringing forward this cause of action.

129.   Pursuant to Labor Code section 2699(a), Plaintiff seeks to recover civil penalties for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint.

130.   Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court (2009) 46 Cal. 4th 969. Class certification of the PAGA claims is no required.

131.   Pursuant to Labor Code section 2698 et seq. and 2699(a), Plaintiff seeks to recover civil penalties for which Defendants are liable due to numerous Labor Code and Wage Order violations as set forth in this Complaint.

132.   Specifically, Plaintiff, on behalf of herself and the Aggrieved Employees, seek penalties under Labor Code §2699, for, without limitation, the claims set forth herein, including:

a.   Defendants' failure to comply with the requirement of Labor Code §1182.12, 1194, 1197, 1198, and Wage Orders to pay at least minimum wage for every hour worked;

b.   Defendants' failure to comply with the requirement of Labor Code §510, 1194, 1197, 1198, and Wage Orders to accurately pay all wages earned including overtime wages;

c.   Defendants' failure to comply with the requirement of Labor code §216 to pay wages after demand was made;

d.   Defendants' failure to comply with the requirement of Labor Code §§204 and 210 to pay, without condition and within the time set by the applicable article, all wages, or parts thereof;

e.   Defendants' failure to comply with the requirement of Labor Code §225.5 to pay wages due;

f.   Defendants' failure to comply with the requirement of Labor Code §§201 and 202 to pay wages due to former employees;

g. Defendants' failure to comply with the requirement of Labor Code §203 to pay waiting time penalties to former employees;

h. Defendants' failure to comply with the requirement of Labor Code §226.7, 1198, and IWC Wage Orders to authorize and permit ten (10) minute rest breaks;

i. Defendants' failure to comply with the requirement of Labor Code §§226.7, 1198, and IWC Wage Orders to pay one hour of premium pay at the regular rate for each statutorily required rest break that was not lawfully authorized and permitted;

j. Defendants' failure to comply with the requirement of Labor Code §226.7, 512, 1198, and IWC Wage Orders to provide timely, uninterrupted 30 minutes off duty meal periods;

k. Defendants' failure to comply with the requirement of Labor Code §226.7, 1198, and IWC Wage Orders to pay one hour of premium pay at the regular rate for each lawful meal break that was not provided;

l. Defendants' failure to provide accurate compliant wage statements under Labor Code section 226;

m. Defendants' failure to reimburse necessary expenses under Labor Code §2802;

n. Defendants' failure to pay sick leave at the proper rate in under Labor Code §246(l);

o. Defendants' failure to maintain required records in violation of Labor Code §226, 1174, and Wage Orders for the above-specified violations, and failure to maintain accurate clock in and out times;

133. Plaintiff seeks civil penalties for Defendants' violation of Labor Code provisions for which a civil penalty is specifically provided, including but not limited to the following:

- 28 -
FIRST AMENDED COMPLAINT

a.  Pursuant to Labor Code §210, for violations of Labor Code §204, Defendants are subject to a civil penalty in the amount of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred ($200) per employee for violations in subsequent pay periods plus 25% of the amount unlawfully withheld.

b.  Pursuant to Labor Code §226.3, for violations of Labor Code §226(a) Defendants are subject to a civil penalty in the amount of two hundred and fifty dollars ($250) per aggrieved employee for the initial pay period where a violation occurs and one thousand dollars ($1,000) per aggrieved employee for violations in subsequent pay periods.

c.  Pursuant to Labor Code §558(a), "[a]ny employer or other person acting on behalf of an employer who violated, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the Industrial Welfare Commission," including Labor Code §§ 510 and 512, shall be subject to a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violations for each underpaid employee for each pay period for which the employee was underpaid.

d.  Pursuant to Labor Code §1197.1, an employer who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission, shall be

subject to a civil penalty as follows: for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid; and for each subsequent violation of the same offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed.

e.  Pursuant to Labor Code § 1174.5, for violations of Labor Code §1174(d), Defendants are subject to a civil penalty of five hundred dollars ($500).

134.   Further, as a result of the acts alleged hereinabove, Plaintiff seeks penalties under Labor Code §2698 et seq. and 2699 because of Defendants' violation of numerous provisions of the California Labor Code and IWC Wage Orders.

135.   Under Labor Code §2699, Plaintiff and Aggrieved Employees are entitled to $100 for any initial violation and $200 for all subsequent violations of the above-mentioned provisions of the California Labor Code.

136.   Under Labor Code §2699, Plaintiff and Aggrieved Employees should be awarded twenty-five (25%) of all penalties due under California law, interest, attorneys' fees and costs.

137.   Under Labor Code §2699, the State of California should be awarded seventy-five percent (75%) of the penalties due under California law.

FIRST AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representatives of the Subclasses; and

4.     That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

### **On the First Cause of Action**

### (Failure to pay minimum wages)

1.     For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

### **On the Second Cause of Action**

### (Failure to pay overtime)

1.     For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

FIRST AMENDED COMPLAINT

## <u>On the Third Cause of Action</u>

### <u>(Failure to Provide Lawful Meal Periods)</u>

1.     For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

## <u>On the Fourth Cause of Action</u>

### <u>(Failure to Authorize and Permit Lawful Rest Periods)</u>

1.     For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

## <u>On the Fifth Cause of Action</u>

### <u>(Failure to Timely Pay Wages At Separation)</u>

1.  For unpaid wages;

2.  For penalties pursuant to <u>Labor Code</u> § 203;

3.  For interest;

4.  For reasonable attorneys' fees and costs pursuant to statute; and

**5.** For such other and further relief as the Court deems proper.

## <u>On the Sixth Cause of Action</u>

### <u>(Failure to Reimburse Necessary Expenses)</u>

1.     For unreimbursed sums;

2.     For reasonable attorneys' fees and costs pursuant to statute;

3.     For interest; and

4.     For such other and further relief as the Court deems proper.

FIRST AMENDED COMPLAINT

**On the Seventh Cause of Action**

(Violation of the Unfair Competition Law)

1.       That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, overtime and regular wages, for Defendants' past failure to reimburse necessary expenses, and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.       For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.       For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4.       For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.       For such other and further relief as the Court deems proper.

**On the Eighth Cause of Action**

(Penalties Pursuant to PAGA, Labor Code § 2698 et seq.)

1.  For penalties according to proof, pursuant to Labor Code §§2698, et seq. for the violations specified above;

2.  For penalties under Labor Code section 210, 266.3, 1174.5, 1197.1, 2802 and 2699(a) and (f); ß

3.  For interest at the legal rate pursuant to Labor Code §§ 218.6, 1194, California Civil Code §§ 3287, 3288, and/or any other applicable provisions providing for pre-judgment interest;

4.  For reasonable attorneys' fees, expenses, and costs under Labor Code §§1194, 226, 2699, and/or Code of Civil Procedure §1021.5, and/or any other applicable provisions providing for attorneys' fees and costs; and

- 33 -

FIRST AMENDED COMPLAINT

5.  For such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter to the fullest extent available under the law.

Respectfully submitted,

Dated:   July 25, 2022         /s/ Christina M. Lucio

JAMES HAWKINS, APLC
James R. Hawkins, Esq.
Christina M. Lucio, Esq.

Attorneys for JOE VIGIL, on behalf of himself
and all others similarly situated

- 34 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2022 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Northern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: July 25, 2022                  */s/ Christina M. Lucio*
                                     Christina M. Lucio

FIRST AMENDED COMPLAINT